Zeng v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> *Circuit Judges*.

———————————————————————————

WEI DONG ZENG v. HOLDER,[1]
A073 534 508

08-0406-ag

———————————————————————————

SHI JIN LIN v. HOLDER,
A077 297 492

08-1249-ag

———————————————————————————

YUE HUA LIN v. HOLDER,
A078 199 003

08-1599-ag

———————————————————————————

YUNQIANG WU v. HOLDER
A072 461 181

08-2819-ag

———————————————————————————
———————————————————————————

SHIXIONG LIU v. HOLDER,
A073 620 810

08-3987-ag

———————————————————————————

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted as respondent in these cases.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that these petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA denying a motion to reopen, or affirming an Immigration Judge's ("IJ") denial of a motion to reopen, based on either the movant's failure to demonstrate changed country conditions sufficient to avoid the time and numerical limits applicable to such motions or the movant's failure to demonstrate *prima facie* eligibility for the underlying relief sought. *See* 8 C.F.R. § 1003.2(c). The applicable standard of review is well-established. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

The motions to reopen at issue in these petitions were each based primarily on the birth of one or more children to the Chinese citizen petitioners.[2] For largely the same reasons this Court set forth in *Jian Hui Shao v. Mukasey*, 546

---

[2]Insofar as the petitioner in *Wei Dong Zeng v. Holder*, 08-0406-ag, argues that the new evidence he submitted in support of his motion demonstrated his eligibility for relief based on his claim that family planning officials attempted to forcibly sterilize him in 1990, we find that the BIA did not abuse its discretion in finding that he could have presented that claim in his original asylum application and at his October 1996 hearing before the IJ. *See* 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

F.3d 138, 169 (2d Cir. 2008), we find no error in the BIA's decisions.[3]  *See id.* at 168-72.  We lack jurisdiction to review the BIA's decisions insofar as it declined to reopen proceedings *sua sponte*.  *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, these petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3]In *Shi Jin Lin v. Holder*, 08-1249-ag, the BIA also did not err in declining to reopen the petitioner's proceedings to permit her to relitigate the merits of her initial application for relief.  *See* 8 C.F.R. § 1003.2(c)(1).  Furthermore, we lack jurisdiction to consider the petitioner's unexhausted argument that the ineffective assistance of her former counsel should have equitably tolled the time period for the filing of her motion to reopen.  *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

051710-12-16                                          -3-